UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -  X
                               :
UNITED STATES OF AMERICA       :
                               :
        - v. -                 :
                               :
THOMAS IRIGOYEN,               :
                               :
        Defendant.             :
                               :
- - - - - - - - - - - - - -  X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **JUN 2 5 2019**

SECOND SUPERSEDING INDICTMENT

S2 19 Cr. 226 (WHP)

## COUNT ONE

(Conspiracy to Commit Mail and Wire Fraud)

The Grand Jury charges:

### Overview of False Acting Job Scheme to Defraud

1.    From at least in or about December 2016 up to and including in or about January 2019, THOMAS IRIGOYEN, the defendant, and others known and unknown, made false and misleading claims to individuals (the "Acting Victims") which caused the Acting Victims to send or attempt to send money by mail, private and commercial interstate carriers, and/or wire to IRIGOYEN, and others known and unknown.

2.    As part of the scheme to defraud, THOMAS IRIGOYEN, the defendant, and others known and unknown, made false and misleading representations concerning acting jobs to Acting Victims, including but not limited to the following:

        a.    Acting Victims were contacted by email by an individual purporting to work for a production company and

offering the Acting Victims an opportunity to appear as an actor or model in an advertisement;

      b.    Acting Victims were provided by email or mail a contract ("Fake Acting Contract") that falsely purported to offer the Acting Victims an acting or modeling job in exchange for payment to the Acting Victims, which the Acting Victims were then persuaded to sign;

      c.    Acting Victims were provided a fake check or money order ("Fake Financial Instrument") purportedly to provide the Acting Victims with partial payment for their acting services but also to be used by the Acting Victims to issue payment to a stylist or wardrobe consultant ("Stylist") who would assist the Acting Victims in preparing for the acting or modeling job offered to the Acting Victims;

      d.    Acting Victims were instructed via email and/or text message to deposit the Fake Financial Instrument into their own bank accounts and then to withdraw a sum of money, typically slightly less than $5,000, against the value of the Fake Financial Instrument to be used as payment to the Stylist; and

      e.    Acting Victims were instructed via email and/or text message to provide payment to the Stylist by transferring a sum of money withdrawn against the value of the Fake Financial Instrument to bank accounts, cryptocurrency accounts, or mailing addresses purportedly to provide payment to the Stylists.

3.    As part of the schemes to defraud, the money that
Acting Victims were instructed to transfer was not, in fact,
used to assist the Acting Victims obtain acting or modeling
jobs.  Rather, the money transferred by Acting Victims was often
wired or deposited into bank accounts opened in the names of
fictitious corporate entities by others known and unknown.

4.    As part of the scheme to defraud, THOMAS IRIGOYEN, the
defendant, and others known and unknown engaged in extensive
efforts to perpetuate and conceal the fraudulent scheme.  These
efforts included, but were not limited to, the use of fictitious
aliases and businesses.

### Statutory Allegation

5.    From at least in or about December 2016, up to and
including in or about January 2019, in the Southern District of
New York and elsewhere, THOMAS IRIGOYEN, the defendant, and
others known and unknown, willfully and knowingly, did combine,
conspire, confederate, and agree together and with each other to
commit mail fraud and wire fraud, in violation of Title 18,
United States Code, Sections 1341 and 1343.

6.    It was a part and object of the conspiracy that THOMAS
IRIGOYEN, the defendant, and others known and unknown, willfully
and knowingly, having devised and intending to devise a scheme
and artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations and

3

promises, for the purpose of executing such scheme and artifice, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the person to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

7.    It was further a part and an object of the conspiracy that THOMAS IRIGOYEN, the defendant, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

4

## FORFEITURE ALLEGATION

8.    As a result of committing the offense alleged in Count One of this Indictment, THOMAS IRIGOYEN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes, or is derived from, proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Asset Provision

9.    If any of the above-described forfeitable property, as a result of any act or omission of THOMAS IRIGOYEN, the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

5

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the

forfeitable property described above.

      (Title 18, United States Code, Sections 981,
      Title 21, United States Code, Section 853; and
      Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

THOMAS IRIGOYEN,

Defendant.

SECOND SUPERSEDING INDICTMENT

S2 19 Cr. 226 (WHP)

(18 U.S.C. § 1349.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*

Foreperson

_TRUE BILL ＊ SECOND SUPERSEDING INDICTMENT
MAG. JUDGE ROBERT W. LEHRBURGER
6/25/19